## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL 58 )<br>401(k) TRUST FUND, et. al., )<br> )<br>**Plaintiffs,** )<br> )<br>**vs.** )<br> )<br>**QUALITY ASSURED INDUSTRIAL** )<br>**COATINGS, LLC,** )<br> )<br>**Defendant.** | **Case No. 3:17-CV-1394-MAB** |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court to clarify an issue that came up at the last hearing in this case on June 7, 2021. By way of background, this case is in the post-judgment stage wherein Plaintiffs are seeking to recover on a judgment against Defendant Quality Assured Industrial Coatings, LLC (Doc. 54). The Defendant, as the name suggests, is a limited liability company or LLC. And the Defendant has elected not to retain counsel despite the Court's previous instruction to do so because a limited liability company cannot litigate pro se or be represented by a nonlawyer; it must be represented in litigation by a lawyer (*See* Doc. 42). *See also 1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015). Here, counsel for Defendant withdrew its representation back in 2019 and to date, Defendant has failed to retain any other lawyer to represent it in this case. Ms. Beth Johnes is a member of the Defendant, LLC and she has appeared at several post-judgment hearings in this case.

1

The Plaintiffs' judgment against Defendant totals $64,065.75 (Docs. 53, 54). And although a limited liability cannot represent itself pro se, the Defendant cannot simply avoid Plaintiffs' discovery efforts to collect on the judgment by declining to retain an attorney. In other words, the Defendant would be rewarded and the Plaintiffs would be disadvantaged by Defendants' failure to comply with this Court's instruction and with the well-settled law that an LLC cannot represent itself. *United States v. Alacran Contracting, LLC*, No. 11 C 50126, 2015 WL 7753069, at *3 (N.D. Ill. Dec. 2, 2015) ("An LLC must be represented by counsel to litigate in federal court."). Indeed, Fed. R. Civ. P. 69(a) makes clear that "[i]n aid of the judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from *any person* – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." (emphasis added). *See also* Wright & Miller, Federal Practice and Procedure Civil 3d § 3014 (1973) ("judgment creditor may obtain discovery from any person, including the judgment debtor, in aid of the judgment or execution."). In other words, Ms. Johnes may participate in this case so as to answer and respond to Plaintiffs' discovery. The Court previously allowed Ms. Johnes to sit for a judgment debtor exam, which it believes is appropriate, given that "[t]he scope of discovery under Rule 69(a) is broad, permitting a judgment creditor to obtain discovery not only of the debtor's current assets, but also information relating to past financial transactions which could reasonably lead to the discovery of concealed or fraudulently transferred assets." *O.H.M Resource Recovery Corp. v. Industrial Fuels & Resources, Inc.*, 1991 WL 146234, *2 (N.D.Ind. July 24, 2001) (collecting cases).

However, the Court was mistaken when it told Ms. Johnes at the June 7, 2021 hearing that she can submit proposed findings of fact and conclusions of law or any sort of legal memorandum in connection with the Plaintiffs' motion to avoid fraudulent conveyances (*See* Doc. 73). This would be tantamount to allowing Ms. Johnes (who is not an attorney) to represent the Defendant LLC or permitting the LLC to represent itself pro se. Either scenario is not permitted. *Alacran Contracting, LLC*, No. 11 C 50126, 2015 WL 7753069, at *3 (an LLC must be represented by counsel to litigate in federal court and when an LLC fails to obtain legal counsel after a reasonable opportunity to do so, the likely consequence will be the court baring the LLC from further participation in the litigation). Accordingly, the materials Ms. Johnes submitted to the Court will *not* be filed on the docket.

Ultimately, the key here is that the Defendant cannot represent itself pro se in this action. While Ms. Johnes can participate in this case to the extent she is answering and responding to discovery pursuant to Rule 69, she cannot cross the line into representing the LLC as legal counsel. Filing a memorandum with the Court does just that. The Defendant LLC has failed to obtain counsel despite being instructed to do so and thus the consequence that follows is that it is unable to participate in this litigation. *United States v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008) ("But it bears emphasis that at any point in a federal litigation at which a party that is not entitled to proceed pro se finds itself without a lawyer though given a reasonable opportunity to obtain one, the court is empowered to bar the party from further participation in the litigation.").

The Clerk of Court will not file the materials submitted by Ms. Johnes on the Court's docket. Because all materials were submitted by way of e-mail to the undersigned's proposed documents inbox, the Clerk of Court need not return the materials. Ms. Johnes may appear at Court scheduled status conferences as a witness, but the Defendant must obtain legal counsel if the entity wishes to contest Plaintiffs' pleadings in any form.

IT IS SO ORDERED.

DATED: August 4, 2021

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge